IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TROY MARTIN, INDIVIDUALL, § <br> AND AS NEXT FRIEND OF I.M., MINOR § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> DANIEL VANMIL, AND § <br> PAVEMENT MARKINGS, INC. § <br>     Defendants. § | CIVIL ACTION: 2:18-cv-00446 |

**PLAINTIFFS' RESPONSE AND OPPOSITION TO
DEFENDANTS' 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE
OR, IN THE ALTERNATIVE, TRANSFER VENUE**

COMES NOW plaintiff Troy Martin, individually and as next friend of minor I.M., and files this, their response and opposition to defendants Daniel Vanmil and Pavement Markings, Inc.'s Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer Venue (ECF No. 4).

Defendants argue that transfer is proper under both 28 U.S.C. § 1406(a) and §1404(a). Defendants also claim that this case was improperly brought under 28 U.S.C. § 1391(a).  That is not the case.

**Plaintiff's choice of venue is proper under 28 U.S.C. § 1391.**

28 U.S.C. § 1391 governs choice of venue.  Under 28 U.S.C. § 1391(b), an action may be filed in a district in which "a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial part of the property at issue is situation.  Defendants admit that the motor vehicle accident which forms the basis of this suit occurred in the Eastern District of Texas. ¶ 16 Def's Mtn. to Dismiss.  § 1391(b) provides for choice of venue without regard to

1

divisional boundaries.  Plaintiffs brought suit in the proper venue according to the plain language of the governing statute.

**Plaintiff's choice of venue should not be upended under § 1406(a).**

If venue is not proper in the district or division where the case is filed, the case may be dismissed under Federal Rule of Civil Procedure 12(b)(3). Alternatively, under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The application of § 1406(a) is wholly discretionary.  The plaintiffs properly brought suit in this district according to the mandatory rules regarding venue under 28 U.S.C. § 1391(b)(2), and there is no compelling reason for transfer to the Lufkin Division.

**Defendants' have failed to meet their burden of proof showing that the Lufkin Division is "clearly more convenient".**

This Court should retain this case because defendants have failed to show that it is clearly more convenient to proceed in Lufkin.  This Court previously ruled in *Spencer v. Allstate* on a similar Motion to Transfer where a defendant involved in a motor vehicle accident sought to transfer venue from this Court to Tyler.  *See Spencer v. Allstate Insurance Company*, No. 2: 16-CV-605-JRG (E.D. Tex. Nov. 22, 2016) at *3.  While that case is distinguishable from the instant case because the distance between the transferee court and the location of the motor vehicle accident in *Spencer* was actually greater than to the original court, the Court's analysis regarding the underlying principles governing intra-district transfers under *In re Radmax* is instructive.

A defendant must show that transfer represents the clearly more convenient venue to parties and witnesses, and a mere showing of divisional boundaries absent actual inconvenience will not suffice.  *See Spencer* at *3 citing *Smith v. Michels Corp.*, No. 2:13-cv-185, 2013 WL 4811227, at *4 (E.D. Tex. September 9, 2013).  Furthermore, in that case, like the instant, the defendant's reasoning that the presence of the police officers who had investigated the accident scene within the transferee division being the only proffered evidence to justify transfer was ineffectual as that factor is neutral because of the equivalent subpoena power of either Court.  Here, as in *Spencer v. Allstate*, the defendants have failed to meet their burden of persuasion showing that it is clearly more convenient to anyone to proceed in Lufkin.

Under § 1404(a), "[f]or the convenience of the parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A party seeking transfer under § 1404(a) must show "good cause" by demonstrating "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*In re Volkswagen II*") (en banc). The plaintiff's choice of venue is not a distinct factor in the analysis, but it is taken into account as part of the defendant's burden in proving the transferee venue is clearly more convenient. *Id*.

Under a § 1404(a) analysis, a court first must determine whether the plaintiff could have properly filed its case in the transferee venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("In re Volkswagen I"). If that threshold is met, the court then must consider private and public interest factors. *Id*.  Plaintiff concedes that suit could have been brought in the Lufkin Division.  However, the defendants have failed to meet their burden of proof which would justify transfer of this case to the Lufkin Division.

Once it has been shown that the plaintiff could have filed in the transferee division, courts analyze four public and four private factors relating to the convenience of parties and witnesses and the interests of the particular venues in hearing the case. These standards apply equally to a defendant's motion for intra-district transfer. *In re Radmax, Ltd.*, 720 F. 3d 285, 288 (5th Cir. 2013). However, these factors are not exhaustive or exclusive, and no single factor is dispositive. *In re Volkswagen II* at 314-15.

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial of a case easy, expeditious, and inexpensive." *In re Volkswagen I* at 203. Taking these and the public factors in turn, plaintiff would show that their analysis favors the Marshall Division retaining this case as there is little evidence that the Lufkin Division is "clearly more convenient".

**Relative Ease of Access to Source of Proof**

This Court has held that mere invocation of divisional boundaries will not be dispositive of this factor, and that under *Radmax*, intra-district transfers require careful consideration of actual conveniences. *See Spencer v. Allstate Insurance Company*, No. 2: 16-CV-605-JRG (E.D. Tex. Nov. 22, 2016) at *3. And, as defendants point out, "the question is relative ease of access, not absolute ease of access," ¶ 24 Def's Mtn to Dismiss, *See In re Radmax* at 288, citing *Volkswagen II* at 316. Here, although some sources of proof are located in the Lufkin Division, others, perhaps the majority, are not, and Marshall presents a more convenient location overall. Accordingly, this factor weighs in favor of retaining the case.

Defendants erroneously assert that all sources of proof are located in Diboll, Texas.¶ 24 Def's Mtn. to Dismiss. While it is a given that those sources of proof which attend a motor

4

vehicle accident would be located near or around the accident site, this should not weigh greatly in the Court's analysis of the *relative ease of access*. That is, Diboll is less than 100 miles from the Federal Courthouse in Marshall, Texas.

The ease of access of those sources of proof to either Court is relatively the same, and considering other sources of proof and those sources' locations, continuing in Marshall would present only a marginal decrease to ease of access, if any, to those limited sources of proof identified by the defendants. Evidence of the plaintiff's subsequent damages, injuries, treatment and recovery exist in records and memories outside of this District altogether. Furthermore, the same could be said for the evidence existing in the possession of the defendants, including their memories, records, paperwork, and their vehicle involved in the accident in the day in question.

Marshall is a small city located between Dallas, Texas and Shreveport, Louisiana on Interstate 20. Marshall is served by Shreveport Regional Airport, East Texas Regional Airport, Amtrak, Interstate 20 and is also connected by federal highways in nearly all directions. Lufkin is served by George Bush International Airport in Houston which is 105.9 miles away and East Texas Regional which is 78 miles. Marshall is less than 40 miles to both East Texas Regional and Shreveport Regional.

Although Marshall and Lufkin are of comparable size, Lufkin is located tucked away in deep East Texas served only by state and federal highways. While Lufkin's proximity to Diboll suggests that it could be more convenient to the police records and potential first responder witnesses, Marshall presents the better, more central venue for relative ease of access to all parties and potential sources of proof.

As this Court noted in *Spencer v. Allstate*, "In *Radmax*, the Fifth Circuit reiterated the high burden that a movant under § 1404(a) bears: a motion to transfer should be granted only if

"the movant demonstrates that the transferee venue is clearly more convenient." *citing In re Radmax*, 720 F.3d at 288. Thus, the defendants have a high burden of demonstrating that Lufkin will be clearly more convenient, they have only shown that there is a possibility it could be more convenient for the potential testimony of the responding police officer and EMT at trial, not the parties, nor the entirety of likely witnesses. Accordingly, this factor weighs against transfer.

**Availability of compulsory process to secure the attendance of witnesses**

Defendants' contention that the availability of compulsory process to secure the attendance of witnesses weighs in favor of transfer is conclusory and erroneous. This Court has previously held that where the likely non-party witnesses are equally within the subpoena power of either court this factor is neutral. See *Spencer* citing *In re Radmax*, 720 F.3d at 288. Accordingly, because potential witnesses are equally within and without the 100 mile radius of either court, this factor is neutral.

**Cost of Attendance For Willing Witnesses**

Similarly, defendants' contentions regarding cost of attendance for willing witnesses are conclusory. As this Court has held, "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342. Although the Fifth Circuit has recognized the costs associated with transfers within 100 miles should be taken into account like those greater than 100 miles, in the instant case, this distance is negligible. *In re Radmax* at 289.

Although travel to Marshall from Diboll is greater than to Lufkin, it is only marginally so. Furthermore, for reasons explained above, Marshall provides a greater ease of access considering its central location and transportation infrastructure. Accordingly, one could infer a significantly lowered cost of attendance for willing witnesses (other than those potential first

6

responders located in Diboll) who are likely located outside the division, and outside the State of Texas altogether. (One potential witness for the plaintiff would be I.M.'s family doctor, Dr. James Thibodaux, whom like the plaintiff Troy Martin, is located in the Natchez, Louisiana area.) Although the parties at this early juncture cannot know with greater specificity the actual cost to witnesses who would attend at trial, it is clear that Lufkin provides no clearly more convenient location to them than does Marshall. Accordingly, this factor should weigh in favor of this Court's retaining the case.

**All Other Practical Problems**

This factor is neutral. The defendant has made no contentions that transfer would make trial easier, more expeditious, or less expensive. On the other hand, plaintiff does not contend that transfer would inhibit or hinder judicial economy other than the delay which accompanies transfer. Accordingly, plaintiff avers this factor is neutral.

**The public interest factors weigh in favor of this Court retaining the case.**

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law or in the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Plaintiff concedes, as defendants have stated, that administrative difficulties, familiarity with applicable law, and conflict of law issues are not at issue. Defendants' Motion to Dismiss, ECF No. 4, ¶ 28. However, plaintiff argues in opposition to the defendants' contentions that the local interests factor weighs in favor of transfer. Rather, it is a neutral factor.

The Court must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004).  Here, neither the community of Marshall nor the community of Lufkin have a greater interest in a case centered in Diboll, between parties from Illinois and Louisiana.  Accordingly, because the difference is one of mere divisional boundaries, the factor is neutral.  *See Alfred Ray Spencer, Jr.  v.  Allstate Insurance Company*, Dist. Court, E.D. Texas 2016 at *8.

## Conclusion

The Defendants have not met their burden to establish good grounds for granting a Motion to Transfer Venue.  Plaintiff has shown that the factorial analysis does not support the transfer of this case, and that the defendants have failed to meet their burden of doing so.  Plaintiff respectively prays that the Defendants' Motion to Dismiss or in the alternative to Transfer Venue be denied.

Respectfully submitted,

*/s/ S. Reed Morgan*

ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail:
rmorgan@carlsonattorneys.com

and

*/s/ John Sloan*

ATTORNEY

> SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
> 101 East Whaley Street
> Longview, TX 75601
> Telephone: (903) 757-7000
> jsloan@sloanfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

In conformity with the Federal Rules of Civil Procedure, I hereby certify that I caused a true and correct copy of the foregoing document to be served on all attorneys of record via this Court's ECF filing system on December 3, 2018.

> */s/ S. Reed Morgan*